In the United States District Court
For the
State of Alabama

Case No. # _____

4:18-cv-00910-MHH-HNJ

Dale William Gilley, Jr.
[Plaintiff]

v's

1] Kelvin Wysinger: Correctional officer

2] Kenneth Patton: Correctional officer

3] "First name unknown" Spell: Correctional officer

4] "First name unknown" Walker: Correctional officer

5] Tony Louria: I & I investigator

6] "John Doe": I & I investigator

In there official capacities,
[Defendants]

"Cival Action Complaint"

## Pleliminary Statement

Gilley was confined, as an inmate, at St. Clair Correctional Facility, Alabama Department of Corrections, [A.D.O.C.], where he endored emotional and physical abuse, as well as sexual harassment, at the hands of the defendants, violating his Eighth and Fourteenth amendments to the United States Constitution. Furthermore, these officers failed to follow policies and procedures set fourth by the Prison Rape Elimination Act, [P.R.E.A.]. Defendants has failed to reasonably and adequately respond to Gilley's extremely high rated complaint of the P.R.E.A. violation. Plaintiff brings this action pursuant to 42 U.S.C. §1983 for injunctive and declaratory relief to redress Gilley's violation of his rights under the Eighth and Fourteenth Amendments to the Constitution, as well as the P.R.E.A. Act.

## Jurisdiction and Venue

1] This court has jurisdiction under 28 U.S.C. §1331 and §1343. Plaintiff seeks declaratory relief pursuant to 28 U.S.C. §2201. Venue is proper pursuant to §1391.

## Parties

(a) 2] Plaintiff, Dale William Gilley, Jr., was a prisoner at St. Clair Correctional Facility when this violation occured. Gilley has suffered mental, physical, and sexual abuse at the hands of an Department of Corrections officer. Gilley seeks to represent himself in this matter.

[2]

## Defendants

3] Kelvin Wysinger is an officer for the Department of Corrections, Alabama, at St. Clair Correctional Facility. Officer Wysinger is assigned to H-dorm. Officer Wysinger is responsible for the safety of the inmates assigned to H-dorm during his shift. Officer Wysinger is being sued in his official capacity.

4] Kenneth Patton is an officer for the Department of Corrections, Alabama, at St. Clair Correctional Facility. Officer Patton is assigned to H-dorm. Officer Patton is responsible for the safety of the inmates assigned to H-dorm during his shift. Officer Patton is being sued in his official capacity.

5] Officer Spell is an officer for the Department of Corrections, Alabama, at St. Clair Correctional Facility. Officer Spell is assigned to H-dorm. Officer Spell is responsible for the safety of the inmates assigned to H-dorm during his shift. Officer Spell is being sued in his official capacity.

6] Officer Walker is an officer for the Department of Corrections, Alabama, at St. Clair Correctional Facility. Officer Walker is assigned to H-dorm. Officer Walker is responsible for the safety of the inmates assigned to H-dorm during his shift. Officer Walker is being sued in his official capacity.

[3]

7] Tony Louria is an I&I investigator for the state of Alabama's Department of Corrections. Mr. Louria is responsible to investigate allegations brought to his attention of any P.R.E.A. violations. Tony Louria is being sued in his official capacity.

8] "John Doe" is an investigator for the state of Alabama I&I division, Department of Correction. Mr. Doe is responsible to investigate allegations brought to his attention of any P.R.E.A. violations. Mr. Doe is being sued in his official capacity.

## Factual Allegations

9] Defendants was aware of the extreme mental and physical abuse being imposed on Gilley by the sexual harassment and sexual misconduct by Kelvin Wysinger. There were several times in the 9 to 10 months prior to Gilley leaving St. Clair prison, that Gilley was subjected to sexual harassment and sexual misconduct by Kelvin Wysinger, that humiliated, belittled, and disgraced Gilley in front of the inmates assigned to H-dorm were Gilley was assigned. Gilley was left feeling mentally raped, and full of shame.

10] Defendants are aware of the extreme level of serious violation of the P.R.E.A. act, but failed to step up and help Gilley or to report this violation to a higher authority, but even laughed at these acts of disgrace.

[4]

11] Gilley filed a P.R.E.A. complaint on May 3, 2017, to the P.R.E.A. Sargent Johnson, and Lt. Pope, at Donaldson Correctional Facility. This same day, Gilley was interviewed by John Doe, investigator for I&I, then placed in lock up for 5 days, then transferred to Staton Correctional Facility.

12] Gilley contacted an attorney on April 10, 2018, who then contacted Tony Louvia requesting that Gilleys Allegations be looked into as soon as possible.

13] On May 14, 2018, the Attorney informed Gilley that Mr. Louvia had been in touch with him, and there is some sort of problem, but Mr. Louvia has yet to contact Gilley concerning such a problem.

14] On May 24, 2018, Gilley contacted Tony Louvia, by letter, requesting information as to the problem, and a status of the complaint. But Tony Louvia has failed to respond to Gilleys request.

15] The high ranking investigators of I&I is covering up for the defendants as well as for the D.O.C.

A] Between the months of June of 2016, and April of 2017, officer Wysinger sexually harassed Gilley in the presents of about 200 inmates, and three different officers. He would pat Gilley on his butt, act like he was going to climb into the shower with him, and would call Gilley his "Bitch" And "Joe".

[5]

He told Gilley that he loved him, and would kill a "Mother Fucker" over him. He would carry a strait razor to work, and would pull it out of his pocket and tell Gilley he was going to use it to shave the hair from around his "Ass", because he didn't like a hairy "Pussy". One night, he grabbed Gilley by his legs, held him in the air, and acted like he was "Fucking" Gilley. As Gilley was trying to get lose, Wysinger told Gilley, "stay still Bitch, stay still. You know you like it, stay still Bitch."

B] Defendants Spell, Walker, and Patton, all saw these issues take place, but failed to up hold there duty, as an officer, to protect Gilley from this sexual abuse. At times, they laughed and even encouraged Wysinger to continue to act out in a sexual manner.

C] I & I investigator John Doe interviewed Gilley, and recorded his statement, on May 3, 2017, at Donaldson Correctional Facility. Gilley informed investigator John Doe that he wished to also file charges on officer Wysinger. But investigator John Doe has failed to contact Gilley of any progress of this complaint. Investigator John Doe is trying to cover up Gilleys sexual harassment allegations.

CC)

ID] I & I investigator Tony Louvia has failed to respond to Gilleys letter. He has failed to inform Gilley with any problem concerning Gilleys complaint before Gilley contacted an attorney for help.

26]

Tony Louria is trying to cover up this sexual harassment and sexual misconduct complaint against a fellow A.D.O.C. employee.

### Exhaustion of Administrative Remedies

16] Gilley use the means provided to him as a remedy to resolve this issue by way of properly informing P.R.E.A. unit concerning this sexual harassment, and sexual misconduct.

### Claims For Relief
### Cause of Action
### Cruel and Unusal Punishment

17] Defendants, through their policies, practices, and acts, exhibit deliberate indifference to the continuing real and imminent substantial risk of mental and sexual abuse and misconduct, in violation of the right of Gilley to be free from cruel and unusal punishment under the Eighth and Fourteenth amendments to the united states constitution, and the P.R.E.A. guidelines.

18] with deliberate indifference to the substantial of mental and physical sexual abuse, Defendants failed to appropriately do there job of protecting Gilley from sexual abuse as set out according to the P.R.E.A. guidelines.

### Request For Relief

Wherefore, Gilley respectfully prays that this court;

[7]

1] Assume jurisdiction over this issue.
2] Grant Gilley a full trial and discovery in this matter.
3] Adjudge and declare that the acts of the defendants with regard to Gilley violated the Eighth and Fourteenth amendments to the United States constitution, as well as a violation against the P.R.E.A. guidelines.
4] Order defendants to comply with the constitution, as well as the P.R.E.A. Act, and enjoin defendants from subjecting Gilley to cruel and unusual punishment.
5] Award Gilley a total sum of $500,000.00 for the mental, physical, and sexual abuse he had to endure from the officers behavior, the same officers hired to protect him from this sort of behavior from inmates.
6] Order such additional relief as this court may deem just and proper.

Respectfully submitted this the 8th day of June, 2018.

*Dale W. Gilley, Jr.* (signature)

Dale W. Gilley, Jr. 182280
A1-3B
Staton Corr. Facility
2690 Marion Spillway Rd.
Elmore, Al 36025

[8]