FILED
2019 Jan-11  AM 11:35
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION**

| | | |
|---|---|---|
| DALE W. GILLEY, Jr.,<br>AIS# 182280, | ) )<br>) | |
| Plaintiff, | )<br>) | |
| v. | )<br>) | CIVIL ACTION NO.:<br>4:18-CV-00910-MHH-HNJ |
| KELVIN WYSINGER, et.al., | )<br>) | |
| Defendants. | ) | |

**SPECIAL REPORT**

COME NOW the Defendants, Correctional Officer Kelvin Wysinger, Correctional Officer Kenneth Patton, Correctional Officer Carnelius Spell, Correctional Officer Marc Walker, Agent Antonio Loria, and Special Agent Terry Loggins by and through the undersigned counsel, and do hereby submit the following Special Report:

**PARTIES**

1. Plaintiff, Dale W. Gilley, AIS# 182280 ("Plaintiff"), is an Alabama Department of Corrections ("ADOC") inmate, presently incarcerated in the Staton Correctional Facility in Elmore, Alabama.

2. Defendants, Officer Kelvin Wysinger, Officer Kenneth Patton, Officer Carnelius Spell and Officer Marc Walker are employed by ADOC as Correctional Officers at St. Clair Correctional Facility ("St. Clair"). Defendants Agent

Antonio Loria and Special Agent Terry Loggins are employed by ADOC in the Investigations and Intelligence Division.

### PLAINTIFF'S ALLEGATIONS AND DEMANDS

Plaintiff alleges in his Amended Complaint that his constitutional rights were violated at the St. Clair Correctional Facility because: (1) he was sexually harassed by Officer Wysinger, (2) Officers Patton, Spell, and Walker witnessed the conduct but failed to intervene, (3) Special Agent Loggins failed to contact him regarding the status of his ADOC complaint against Officer Wysinger and attempted to cover up the sexual harassment allegations, and, (4) Agent Loria attempted to cover up the sexual harassment allegations. (*Doc. 17, p. 4,7.*)[1]  It appears that the Plaintiff has made a specific demand for relief of "$225,000 from each named defendant" and such additional relief as the court determines.  (*Id. at 9.*)

### DEFENDANTS' EXHIBITS

| | |
|---|---|
| Exhibit A | Affidavit of Officer Kelvin D. Wysinger |
| Exhibit B | Affidavit of Officer Kenneth Patton |
| Exhibit C | Affidavit of Officer Carnelius Spell |
| Exhibit D | Affidavit of Officer Marc Walker |
| Exhibit E | Affidavit of Agent Antonio Loria |
| Exhibit F | Affidavit of Special Agent Terry Loggins |
| Exhibit G | Affidavit of Administrative Assistant Rebecca Steele |

---

[1] The Second Amended Complaint does not include the Plaintiff's written numbered pages 5 or 6. (*Doc. 17*)

Exhibit H                    ADOC Duty Officer Report

Exhibit I                    ADOC Investigations & Intelligence Letter

## DEFENDANTS' ANSWER

1.     The Amended Complaint fails to state a claim upon which relief can be granted.

2.     Plaintiff has failed to allege facts sufficient to support any claims of violations of his constitutional rights.

3.     Plaintiff has failed to allege facts sufficient to support a due process violation claim.

4.     Defendants generally deny that the Plaintiff is entitled to receive any portion of the relief requested in the Amended Complaint filed in the above-styled action.

5.     Defendants assert qualified immunity.

6.     Defendants assert sovereign immunity.

7.     Defendants assert functional discretionary immunity.

8.     Defendants assert estoppel.

9.     Defendants assert release.

10.    Defendants assert waiver.

11.    Defendants assert that the Plaintiff has failed to plead issues with particularity.

12.    Defendants reserve the right to assert additional defenses as discovery progresses.

13.    Defendants request that this Honorable Court consider this Special Report as a Motion for Summary Judgment, and rule in favor of the Defendants.

## STATEMENT OF FACTS

Plaintiff alleges in his Amended Complaint that between June 2016 and April 2017, Officer Wysinger sexually harassed the Plaintiff in the presence of 200 inmates and 3 other Correctional Officers, who failed to intervene. (*Doc. 17, p. 4.*)  The Plaintiff further alleges in his Amended Complaint that Agent Loria and Special Agent Loggins failed to contact him regarding the status of his ADOC complaint against Officer Wysinger and attempted to cover up the sexual harassment allegations, and, (4) Agent Loria attempted to cover up the sexual harassment allegations. (*Doc. 17, p. 3.*)

The Defendants have reviewed the Amended Complaint against them and deny all the allegations. (*Defendants' Ex. A-F.*)  The ADOC Duty Officer Report is attached. (*Defendants' Ex. H.*) This Investigation resulted in a determination that the allegations were unfounded, as such, the matter was closed. (*Defendants' Ex. I.*)

## DISCUSSION
### STANDARD OF REVIEW

"Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine [dispute] as to any material fact and that the moving party is entitled to judgment as a matter of law." *Greenberg v. BellSouth Telecomm., Inc.*,

498 F.3d 1258, 1263 (11th Cir. 2007) (per curiam); Fed. R. Civ. P. 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."). The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the [record, including pleadings, discovery materials and affidavits], which it believes demonstrate the absence of a genuine [dispute] of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The movant may meet this burden by presenting evidence indicating there is no dispute of material fact or by showing the non-moving party has failed to present evidence to support some element on which it bears the ultimate burden of proof. *Id*. at 322–324. This case is ripe for summary judgment because the Plaintiff cannot present substantial evidence that there is a genuine issue of material fact as to any of his claims and the Defendants are entitled to judgment as a matter of law.

## ARGUMENT

**I.    The Plaintiff's 42 U.S.C. § 1983 Claims Against the Defendants Fail Because the Defendants Are Immune from Suit.**

The Plaintiff's claims against the Defendants in their official capacity should be dismissed pursuant to the doctrines of sovereign immunity.  The Defendants are absolutely immune from liability under the theory of sovereign immunity set by the Eleventh Amendment to the United States Constitution.

*Burke v. Browns*, 653 F. App'x 683, 688 n.5 (11th Cir. 2016) (citing *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 69-72 (2001)). *See also Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) (A suit against a state official in his official capacity is a suit against the State itself); and *Alabama v. Pugh*, 438 U.S. 781, 782 (1978) (the Eleventh Amendment prohibits a suit against the State absent the State's consent to the suit).  Thus, a state official may not be sued in his official capacity unless the state has waived its Eleventh Amendment immunity, *see Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 100 (1984), or Congress has abrogated the State's immunity, *see Seminole Tribe v. Florida*, 517 U.S. 44, 59 (1996).  "Neither waiver nor abrogation applies here. The Alabama Constitution states that "the State of Alabama shall never be made a defendant in any court of law or equity." Ala. Const. Art. I, § 14. The Supreme Court has recognized that this prohibits Alabama from waiving its immunity from suit." *Selensky v. Alabama*, 619 Fed. App'x 846, 849 (11th Cir. 2015) (citing *Alabama v. Pugh*, 438 U.S. 781, 782 (1978) (consent is prohibited by the Alabama Constitution). "Alabama has not waived its Eleventh Amendment immunity in § 1983 cases, nor has Congress abated it." *Holmes v. Hale*, 701 F. App'x 751, 753 (11th Cir. 2017) (citing *Carr v. City of Florence, Ala.*, 916 F.2d 1521, 1525 (11th Cir. 1990)).

In light of the foregoing, the Defendants are entitled to sovereign immunity under the Eleventh Amendment for claims seeking monetary damages from them in their official capacity. *Selensky*, 619 Fed. App'x at 849; *Harbert Int'l, Inc. v. James*, 157 F.3d 1271, 1277 (11th Cir. 1998) (holding that state officials sued in

their official capacities are protected under the Eleventh Amendment from suit for damages); *Edwards v. Wallace Community College*, 49 F.3d 1517, 1524 (11th Cir. 1995) (holding that damages are unavailable from state official sued in his official capacity); *Jackson v. Georgia Department of Transportation*, 16 F.3d 1573, 1575 (11th Cir. 1994).  To the extent that the Plaintiff has asserted claims against the Defendants in their official capacity, these claims are due to be dismissed.

Furthermore, the Plaintiff's claims against the Defendants, in their individual capacity, fail based on qualified immunity, which "protects government officials from civil trials and liability when their conduct in performing discretionary functions 'violates no clearly established statutory or constitutional rights of which a reasonable person would have known.'"  *Wilson v. Blankenship*, 163 F. 3d 1284, 1288 (11th Cir. 1998), quoting *Lassiter v. Alabama A&M Univ., Bd. of Trustees*, 28 F. 3d 1146, 1149 (11th Cir. 1994), abrogated on other grounds by *Hope v. Pelzer, 536 U.S. 730 (2002)*. The Plaintiff, thus, must allege a valid violation of his constitutional rights and show that the Defendants were on notice that their actions violated clearly established law.  The Plaintiff has failed to allege any substantiated act or injury caused by the Defendants in this matter that rises to a constitutional violation of his rights as a prisoner.  The Defendants are entitled to qualified immunity.

**II.    The Plaintiff's Claims Against the Defendants Fail Because There is no Genuine Issue of Material Fact.**

The Plaintiff alleges that he was sexually harassed by Officer Wysinger and this incident was witnessed by several inmates and other correctional officers who are parties to this lawsuit. (*Doc. 17, p. 4, 7.*) Although the Plaintiff provides details of the alleged sexual harassment, (*Id.*), the Defendants categorically deny the Plaintiff's claims against them. (*Defendants' Ex. A-F.*) According to the affidavits of the Defendants, this incident did not occur. *(Id).*

The ADOC Investigations and Intelligence Division investigated an allegation by the Plaintiff regarding an incident which reportedly occurred on March 22, 2017. (*Defendants' Ex. H.*). The inmates that were named as witnesses to this reported incident refuted the Plaintiff's claims that any harassment had occurred. The Investigation resulted in a determination that the allegations were unfounded, as such, the matter was closed. (*Defendants' Ex. I.*).

"To prevail on a claim under § 1983, a plaintiff must demonstrate both: (1) that the defendant deprived [him] of a right secured under the Constitution or federal law and (2) that such a deprivation occurred under color of state law." *Arrington v. Cobb County*, 139 F. 3d 865, 872 (11th Cir. 1998). In doing so, a plaintiff must establish "an affirmative causal connection between the official's acts or omissions and the alleged constitutional deprivation …." *Swint v. City of Wadley*, 51 F. 3d 988, 999 (11th Cir. 1995). Based on the foregoing, the Plaintiff has failed to demonstrate that a constitutional deprivation has occurred as to the allegations in his Complaint. This case is ripe for summary judgment because there is no genuine issue of fact as to the Plaintiff's claims and the Defendants are entitled to judgment as a matter of law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S.

242, 249-50 (1986) (holding that summary judgment is proper if the pleadings, affidavits and documents submitted to the court show that there is no genuine issue of material fact).

## CONCLUSION

Based on the foregoing, the Defendant respectfully requests that this Court consider treating this Special Report as a Motion for Summary Judgment - as there exists no genuine dispute of material fact - and enter judgment in favor of the Defendants.

Respectfully submitted,

Steve Marshall
Attorney General
By:

 /s/ *Madeline H. Lewis*
Madeline H. Lewis
Assistant Attorney General
Counsel for Defendants

**ADDRESS OF COUNSEL:**

General Civil Litigation and Administrative Law Division
Office of the Attorney General
State of Alabama
501 Washington Avenue
Montgomery, Alabama 36130-0152
Office: (334) 353-4840
Fax:    (334) 242-2433

**CERTIFICATE OF SERVICE**

I hereby certify that I have on this the 11th day of January 2019, filed the foregoing with the Clerk of the Court, using the CM/ECF filing system, and that I have further served a copy of the foregoing upon the following parties, by placing same in the United States Mail, postage prepaid and properly addressed as follows:

Inmate Dale W. Gilley, pro se
AIS #182280
ADOC Staton Correctional Facility
2690 Marion Spillway Road
Elmore, AL 36025

/s/ *Madeline H. Lewis*
Madeline H. Lewis
Assistant Attorney General