# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| **DALE W. GILLEY, JR.,** ) <br> ) <br> **Plaintiff,** ) <br> ) <br> v. ) <br> ) <br> **KELVIN WYSINGER, in his** ) <br> **individual capacity; KENNETH** ) <br> **PATTON, in his individual capacity;** ) <br> **CARNELIUS SPELL, in his** ) <br> **individual capacity; and MARC** ) <br> **WALKER, in his individual** ) <br> **capacity,** ) <br> ) <br> **Defendants.** ) | **Civil Action No.** <br> **4:18-cv-910-MHH-HNJ** <br><br> **DEMAND FOR JURY TRIAL** |

## SECOND AMENDED COMPLAINT

Plaintiff Dale W. Gilley, Jr., alleges as follows:

## PRELIMINARY STATEMENT

1.  Plaintiff Dale W. Gilley, Jr., is an inmate in the custody of the Alabama Department of Corrections ("ADOC") at Staton Correctional Facility. During his imprisonment at St. Clair Correctional Facility, Mr. Gilley was sexually harassed, sexually abused, and sexually assaulted by a correctional officer, Kelvin Wysinger. Meanwhile, other correctional officers—Kenneth Patton, Carnelius Spell, and Marc Walker—were present for and witnessed Defendant Wysinger sexually harass,

1

sexually abuse, and/or sexually assault Mr. Gilley, but each failed to intervene and protect Mr. Gilley from Defendant Wysinger.

2. Mr. Gilley brings this action under 42 U.S.C. § 1983 to address deprivations of his right to be free from cruel and unusual punishment, guaranteed by the Eighth Amendment to the Constitution of the United States and incorporated against the states by the Fourteenth Amendment to the Constitution of the United States. Mr. Gilley sues Defendants Kelvin Wysinger, Kenneth Patton, Carnelius Spell, and Marc Walker in their individual capacities.

## PARTIES

3. Plaintiff Dale William Gilley, Jr., a citizen of the United States and resident of the State of Alabama, was an inmate at St. Clair Correctional Facility near Springville, Alabama, at the time of the alleged constitutional violations. At all relevant times, Mr. Gilley was housed in "H" dorm at St. Clair Correctional Facility. Between the approximate dates of June 2016 and April 2017, Mr. Gilley suffered sexual harassment, sexual abuse, and sexual assault at the hands of Defendant Wysinger, while other correctional officers either witnessed such misconduct, or had reason to expect prospective sexual assault, but failed to intervene to protect Mr. Gilley.

4. At all relevant times, Defendant Kelvin Wysinger was a correctional officer for ADOC at St. Clair Correctional Facility. At the time of the alleged

constitutional violations, Defendant Wysinger was assigned to "H" dorm. At all relevant times, Defendant Wysinger was acting under color of state law. Defendant Wysinger is sued in his individual capacity.

5.     At all relevant times, Defendant Kenneth Patton was a correctional officer for ADOC at St. Clair Correctional Facility. At the time of the alleged constitutional violations, Defendant Patton was assigned to "H" dorm. At all relevant times, Defendant Patton was acting under color of state law. Defendant Patton is sued in his individual capacity.

6.     At all relevant times, Defendant Carnelius Spell was a correctional officer for ADOC at St. Clair Correctional Facility. At the time of the alleged constitutional violations, Defendant Spell was assigned to "H" dorm. At all relevant times, Defendant Spell was acting under color of state law. Defendant Spell is sued in his individual capacity.

7.     At all relevant times, Defendant Marc Walker was a correctional officer for ADOC at St. Clair Correctional Facility. At the time of the alleged constitutional violations, Defendant Walker was assigned to "H" dorm. At all relevant times, Defendant Walker was acting under color of state law. Defendant Walker is sued in his individual capacity.

## JURISDICTION AND VENUE

8.     This is an action for declaratory relief, money damages, and any other relief available from the Court. This Court has subject-matter jurisdiction over Mr. Gilley's claims pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1343(a)(3), and 28 U.S.C. § 2201(a).

9.     Venue is proper in the Northern District of Alabama pursuant to 28 U.S.C. § 1391(b)(1)–(2).

## FACTUAL ALLEGATIONS

10.    Between June 2016 and April 2017, Mr. Gilley was serving a prison sentence at St. Clair Correctional Facility. At all relevant times, Mr. Gilley was housed in "H" dorm.

11.    During his imprisonment at St. Clair Correctional Facility, between June 2016 and April 2017, Defendant Wysinger sexually harassed, sexually abused, and sexually assaulted Mr. Gilley on multiple occasions. These incidents occurred in "H" dorm, often in the presence of other inmates and prison staff.

12.    Defendant Wysinger often patted Mr. Gilley on his buttocks while he was clothed, in a manner unrelated to any official duties and with the intent to abuse Mr. Gilley. This conduct amounts to "[s]exual abuse" under federal and state regulations. *See* 28 C.F.R. § 115.6 (defining "[s]exual abuse" as including "[a]ny other intentional contact, either directly or through the clothing, of or with the

4

genitalia, anus, groin, breast, inner thigh, or the buttocks, that is unrelated to official duties or where the staff member, contractor, or volunteer has the intent to abuse, arouse, or gratify sexual desire"); ADOC Admin. Reg. No. 318 at 3 § 3(E) (same). Defendants Patton and Walker each have witnessed Defendant Wysinger engage in this misconduct.

13. Defendant Wysinger often called Mr. Gilley sexually derogatory names such as his "bitch" or his "hoe." This conduct amounts to "[s]exual harassment" under federal and state regulations. *See* 28 C.F.R. § 115.6 (defining "[s]exual harassment" as including "[r]epeated verbal comments or gestures of a sexual nature to an inmate, detainee, or resident by a staff member, contractor, or volunteer, including demeaning references to gender, sexually suggestive or derogatory comments about body or clothing, or obscene language or gestures"); ADOC Admin. Reg. No. 318 at 3 § 3(E) (same). Defendants Patton, Spell, and Walker each have witnessed Defendant Wysinger engage in this misconduct.

14. On at least one occasion, Defendant Wysinger told Mr. Gilley that he loved him and would kill for him.

15. On one occasion, while Mr. Gilley was naked, Defendant Wysinger pretended as if he were going to join Mr. Gilley in the shower. This conduct amounts to "[s]exual abuse" under federal and state regulations. *See* 28 C.F.R. § 115.6 (defining "[s]exual abuse" as including "[v]oyeurism by a staff member"); ADOC

Admin. Reg. No. 318 at 3 § 3(E) (same). Defendant Walker was aware of, present for, and witnessed this misconduct.

16. Defendant Wysinger regularly carried a straight razor with him inside "H" dorm. On one occasion, Defendant Wysinger pulled his razor out of his pocket and threatened to use it to shave hair from around Mr. Gilley's buttocks because, as Defendant Wysinger said, he did not like a "hairy pussy." This conduct amounts to sexual assault. Defendant Spell was aware of, present for, and witnessed this misconduct, but he failed to take any steps to intervene and protect Mr. Gilley.

17. Around March 2017, and in the presence of approximately 200 inmates, Defendant Wysinger grabbed Mr. Gilley by his legs, held Mr. Gilley in the air, and acted like he was having sex with Mr. Gilley.[1] As Mr. Gilley struggled to get loose from Defendant Wysinger, Defendant Wysinger told Mr. Gilley: "Stay still bitch, stay still. You know you like it, stay still bitch." This conduct amounts to sexual assault. Defendant Patton was aware of, present for, and witnessed this misconduct, but he failed to take any steps to intervene and protect Mr. Gilley.

18. Defendants Patton, Spell, and Walker never took any steps to intervene and protect Mr. Gilley from Defendant Wysinger's sexual harassment, sexual abuse,

---

[1] As Mr. Gilley wrote in his *pro se* Amended Complaint, Officer Wysinger "grabbed Gilley by his legs, held him in the air, and acted like he was 'Fucking' Gilley." (Doc. 17 at 6 ¶ A).

and/or sexual assault. Instead, Defendants Patton, Spell, and Walker often laughed at Defendant Wysinger's misconduct, and they often encouraged Defendant Wysinger to continue such acts and to otherwise act out against Mr. Gilley.

19. The above-described instances of harassment, abuse, and assault by Defendant Wysinger and the failures of Defendants Patton, Spell, and Walker to intervene and protect Mr. Gilley, (¶¶ 11–18), individually and collectively caused Mr. Gilley to be humiliated, belittled, and disgraced in front of the other inmates assigned to "H" dorm. The defendants' misconduct also individually and collectively caused Mr. Gilley to feel mentally raped and full of shame.

## COUNT I
**Deprivation of Constitutional Rights under 42 U.S.C. § 1983**
**Cruel and Unusual Punishment: Excessive Force/Sexual Assault**
**(Against Defendant Wysinger)**

20. Mr. Gilley incorporates by reference each of the preceding paragraphs of this Second Amended Complaint as if fully set forth herein.

21. At all relevant times, Defendant Wysinger was acting under color of state law.

22. Defendant Wysinger intentionally sexually assaulted Mr. Gilley. Defendant Wysinger's acts that amount to sexual assault, individually and/or collectively, include: (A) grabbing Mr. Gilley by his legs, holding Mr. Gilley in the air, and pretending to have sex with Mr. Gilley; (B) brandishing a razor and threatening to shave Mr. Gilley's buttocks because he did not like a "hairy pussy";

7

and (C) combinations of ongoing harassment and abuse, including combinations of the acts described in Subparagraphs (A)–(B), patting Mr. Gilley on his buttocks, making offensive sexual remarks to and about Mr. Gilley, and pretending as if he were going to climb into the shower with Mr. Gilley.

23. Defendant Wysinger committed the acts alleged in Paragraph 22 for the purpose of humiliating, degrading, and/or demeaning Mr. Gilley. In other words, Defendant Wysinger committed the acts alleged in Paragraph 22 sadistically, maliciously, and for the purpose of causing harm to Mr. Gilley.

24. Defendant Wysinger lacked a legitimate penological justification for his acts alleged in Paragraph 22.

25. Defendant Wysinger's acts alleged in Paragraph 22 were objectively severe, excessive, and unreasonable.

26. Defendant Wysinger violated Mr. Gilley's Eighth Amendment right to be free from cruel and unusual punishment by sexually assaulting Mr. Gilley.

27. Mr. Gilley's Eighth Amendment right to be free from the cruel and unusual punishment of sexual assault by a correctional officer is clearly established.

28. As a direct and proximate result of Defendant Wysinger's unconstitutional misconduct, Mr. Gilley suffered: (a) the loss of the right to be free from cruel and unusual punishment; (b) pain and suffering; and (c) mental anguish.

29. Mr. Gilley demands a trial by jury as to Count I.

## COUNT II
**Deprivation of Constitutional Rights under 42 U.S.C. § 1983**
**Cruel and Unusual Punishment: Failure to Intervene and Protect**
**(Against Defendant Patton)**

30. Mr. Gilley incorporates by reference each of the preceding paragraphs of this Second Amended Complaint as if fully set forth herein.

31. At all relevant times, Defendant Patton was acting under color of state law.

32. Defendant Patton was aware of, present for, and witnessed Defendant Wysinger sexually assault Mr. Gilley.

33. Defendant Patton knew that Defendant Wysinger was violating Mr. Gilley's right to be free from the cruel and unusual punishment of sexual assault by a correctional officer.

34. Defendant Patton was in a position, and had a realistic opportunity, to intervene to prevent Defendant Wysinger from sexually assaulting Mr. Gilley.

35. Defendant Patton failed to take reasonable steps to intervene and protect Mr. Gilley from sexual assault by Defendant Wysinger.

36. As a direct and proximate result of Defendant Patton's unconstitutional misconduct, Mr. Gilley suffered: (a) the loss of the right to be free from cruel and unusual punishment; (b) pain and suffering; and (c) mental anguish.

37. Defendant Patton violated Mr. Gilley's Eighth Amendment right to be free from cruel and unusual punishment by intentionally failing to intervene and protect Mr. Gilley from sexual assault by Defendant Wysinger.

38. Mr. Gilley's Eighth Amendment right to be free from the cruel and unusual punishment of sexual assault by a correctional officer, and his associated right to have a witnessing officer intervene on his behalf to prevent such sexual assault, are clearly established.

39. Mr. Gilley demands a trial by struck jury as to Count II.

### COUNT III
### Deprivation of Constitutional Rights under 42 U.S.C. § 1983
### Cruel and Unusual Punishment: Failure to Intervene and Protect
### (Against Defendant Spell)

40. Mr. Gilley incorporates by reference each of the preceding paragraphs of this Second Amended Complaint as if fully set forth herein.

41. At all relevant times, Defendant Spell was acting under color of state law.

42. Defendant Spell was aware of, present for, and witnessed Defendant Wysinger sexually assault Mr. Gilley.

43. Defendant Spell knew that Defendant Wysinger was violating Mr. Gilley's right to be free from the cruel and unusual punishment of sexual assault by a correctional officer.

44. Defendant Spell was in a position, and had a realistic opportunity, to intervene to prevent Defendant Wysinger from sexually assaulting Mr. Gilley.

45. Defendant Spell failed to take reasonable steps to intervene and protect Mr. Gilley from sexual assault by Defendant Wysinger.

46. As a direct and proximate result of Defendant Spell's unconstitutional misconduct, Mr. Gilley suffered: (a) the loss of the right to be free from cruel and unusual punishment; (b) pain and suffering; and (c) mental anguish.

47. Defendant Spell violated Mr. Gilley's Eighth Amendment right to be free from cruel and unusual punishment by intentionally failing to intervene and protect Mr. Gilley from sexual assault by Defendant Wysinger.

48. Mr. Gilley's Eighth Amendment right to be free from the cruel and unusual punishment of sexual assault by a correctional officer, and his associated right to have a witnessing officer intervene on his behalf to prevent such sexual assault, are clearly established.

49. Mr. Gilley demands a trial by struck jury as to Count III.

### COUNT IV
### Deprivation of Constitutional Rights under 42 U.S.C. § 1983
### Cruel and Unusual Punishment: Failure to Intervene and Protect
### (Against Defendant Walker)

50. Mr. Gilley incorporates by reference each of the preceding paragraphs of this Second Amended Complaint as if fully set forth herein.

51. At all relevant times, Defendant Walker was acting under color of state law.

52. Defendant Walker was aware of, present for, and witnessed Defendant Wysinger sexually harass and sexually abuse Mr. Gilley, which in combination amount to sexual assault. Defendant Walker knew that Defendant Wysinger was violating Mr. Gilley's right to be free from the cruel and unusual punishment of sexual assault by a correctional officer.

53. Because Defendant Walker witnessed Defendant Wysinger sexually harass and sexually abuse Mr. Gilley, Defendant Walker also had reason to expect that Defendant Wysinger would prospectively sexually assault Mr. Gilley in other ways, such as the incidents in which Defendant Wysinger (A) grabbed Mr. Gilley by his legs, held Mr. Gilley in the air, and pretended to have sex with Mr. Gilley; and (B) brandished a razor and threatened to shave Mr. Gilley's buttocks because he did not like a "hairy pussy." Defendant Walker knew that Defendant Wysinger would prospectively sexually assault Mr. Gilley and that such conduct would violate Mr. Gilley's right to be free from the cruel and unusual punishment of sexual assault by a correctional officer.

54. Defendant Walker was in a position, and had a realistic opportunity, to intervene to prevent Defendant Wysinger from sexually assaulting Mr. Gilley. For example, Defendant Walker could have reported Defendant Wysinger's sexual

misconduct to ADOC superiors prior to the sexual-assault incidents. *See* ADOC Admin. Reg. No. 208 at 4 § (V)(A)(12) ("All ADOC employees shall . . . [p]romptly report any incidents of sexual misconduct.").

55. Defendant Walker failed to take reasonable steps to intervene and prevent Defendant Wysinger from sexually assaulting Mr. Gilley.

56. As a direct and proximate result of Defendant Walker's unconstitutional misconduct, Mr. Gilley suffered: (a) the loss of the right to be free from cruel and unusual punishment; (b) pain and suffering; and (c) mental anguish.

57. Defendant Walker violated Mr. Gilley's Eighth Amendment right to be free from cruel and unusual punishment by intentionally failing to intervene and protect Mr. Gilley from sexual assault by Defendant Wysinger.

58. Mr. Gilley's Eighth Amendment right to be free from the cruel and unusual punishment of sexual assault by a correctional officer, and his associated right to have an officer in Defendant Walker's position take reasonable measures to prevent such sexual assault, are clearly established.

59. Mr. Gilley demands a trial by struck jury as to Count IV.

## **PRAYER FOR RELIEF**

60. Mr. Gilley incorporates by reference each of the preceding paragraphs of this Second Amended Complaint as if fully set forth herein.

61. Mr. Gilley respectfully prays for judgment and for the following relief:

(A) a declaration that Defendants Wysinger's actions violated Mr. Gilley's Eighth Amendment right to be free from the cruel and unusual punishment of sexual assault by a correctional officer.

(B) a declaration that the actions of Patton, Spell, and Walker each violated Mr. Gilley's Eighth Amendment right to have a witnessing officer, or an officer with reason to expect prospective sexual assault, intervene on his behalf to prevent sexual assault by a correctional officer.

(C) $225,000 in compensatory damages from each defendant;

(D) costs as permitted by federal law;

(E) attorney's fees as permitted by 42 U.S.C. § 1988; and

(F) such other relief as the Court may deem just and proper.

Dated: January 12, 2023          Respectfully submitted,

/s/ W. Chadwick Lamar, Jr.
R. Thomas Warburton
Mason Kruse
W. Chadwick Lamar, Jr.
BRADLEY ARANT BOULT CUMMINGS LLP
1819 5th Avenue N.
Birmingham, AL 35203-2119
Phone: (205) 521-8533
twarburton@bradley.com
clamar@bradley.com
mkruse@bradley.com

*Counsel for Plaintiff Dale W. Gilley, Jr.*